**WO**                                                  SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aubrey Gayle Padgett, | No. CV 07-2582-PHX-MHM (MEA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Rick R. Tosto, et al., | |
| Defendants. | |

Plaintiff Aubrey Gayle Padgett, who is confined in the Arizona State Prison Complex, North Tent 9-8, in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc.# 1, 12.) The Court will dismiss the Complaint and this action, without prejudice, pursuant to Heck v. Humphrey, 512 U.S. 477, 489 (1994).

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Because the Court concludes that Plaintiff's claims have not yet accrued, this action will be dismissed without prejudice.[1]

### III.   Complaint

Plaintiff alleges three counts for relief in connection with Plaintiff's entry of a guilty plea in Maricopa County Superior Court, cases CR2007-111649 and CR2007-117516.[2] Plaintiff sues his criminal defense attorneys, Rick R. Tosto and Terri Capozzi, Deputy Maricopa County Attorney Michael A. Flynn, and Maricopa County Commissioner Pamela Svoboda. Plaintiff seeks compensatory and injunctive relief.

### IV.   Heck v. Humphrey Bar

Plaintiff filed this action using the court-approved form to seek relief for violations of his constitutional rights by officials acting under color of state law pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff seeks damages and other relief based on violations of his constitutional rights in connection with the entry of his guilty pleas and criminal conviction. Specifically, Plaintiff alleges that he was coerced by the Defendants into pleading guilty.[3]

---

[1] Plaintiff's claims in this case are very similar to claims raised in CV 07-1912-PHX-MHM (MEA), which was dismissed on December 20, 2007, as seeking relief on claims that had not yet accrued under Heck v. Humphrey, 512 U.S. 477, 489 (1994).

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/072007/m27775010.pdf; http://www.courtminutes.maricopa.gov/docs/Criminal/072007/m2775011.pdf.

[3] According to state court minute entries, Plaintiff's *pro se* motion to withdraw his guilty plea was denied on November 30, 2007. See http://www.courtminutes.maricopa.gov/docs/Criminal/122007/m2961448.pdf and http://www.courtminutes.maricopa.gov/docs/

- 2 -

A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily undermine the validity of a conviction or the duration of a sentence may not be brought before the prisoner has obtained a "favorable termination" of the underlying conviction; a prisoner's *sole* federal remedy to challenge the validity or duration of his confinement is a petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983 *does not accrue* unless or until the prisoner has obtained a "favorable termination" of the underlying conviction, parole or disciplinary action. See Heck v. Humphrey, 512 U.S. 477, 489 (1994); Docken, 393 F.3d at 1031. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck, 512 U.S. at 486-87. Without such a showing of a "favorable termination," a person's cause of action under § 1983 has not yet accrued. Id. at 489. The "favorable termination" rule extends to prisoner challenges to state disciplinary and parole procedures for damages where success thereon would "necessarily demonstrate the invalidity of confinement or its duration." Osborne v. District Attorney's Office for 3d Jud. Dist., 423 F.3d 1050, 1053 (9th Cir. 2005) (citing Wilkinson v. Dotson, 125 S.Ct. 1242 (2005)); see Edwards v. Balisok, 520 U.S. 641, 646 (1997) (calculation of good time credits); Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997) (parole revocation proceedings). Thus, success on any claim for damages pursuant to 42 U.S.C. § 1983 that would necessarily imply the invalidity of confinement, or its duration, does not accrue "and may not be brought" unless and until the underlying conviction, sentence or parole decision is reversed. Only then may a plaintiff properly seek damages pursuant to 42 U.S.C. § 1983.

Plaintiff asserts that the Defendants violated his constitutional rights by coercing him

---

Criminal/122007/m2961447.pdf. Similar requests were denied at his sentencing on January 3, 2008. See http://www.courtminutes.maricopa.gov/docs/Criminal/012008/m2995998.pdf.

1  into pleading guilty, rendering his pleas not knowing and intelligent, and the denial of the
2  effective assistance of counsel. Success on Plaintiff's claims in this action would necessarily
3  undermine the validity of his conviction; therefore, Plaintiff must seek habeas review and
4  obtain a "favorable termination" before he may seek damages pursuant to § 1983.

## V. Habeas Relief

Federal habeas relief pursuant to 28 U.S.C. § 2254 is the "exclusive vehicle" for a state prisoner to seek relief from a state conviction in federal court. See White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Before a federal court may grant habeas relief, however, a prisoner must first have exhausted remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Olvera v. Guirbino, 371 F.3d 569, 572 (9th Cir. 2004) (district court may not consider a claim until petitioner has properly exhausted all available remedies). To exhaust claims, a prisoner must give the state courts a "fair opportunity" to act on his claims, Castillo v. McFadden, 370 F.3d 882 (9th Cir. 2004), amended on other grounds on denial of rehearing, 399 F.3d 993 (9th Cir.), cert. denied 546 U.S. 818 (2005), by describing both the operative facts and the federal legal theory so that the state courts have a "'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled in part on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).[4]

Petitioner pleaded guilty in state court. In Arizona, a guilty plea waives the right to a "direct appeal" and allows "review" only by petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. See Ariz. R. Crim. P. 17.1(e). This is known as a "Rule 32 of-right proceeding," which must be filed within 90 days of the entry

---

[4] In addition, a prisoner seeking to exhaust claims in state court before filing a federal habeas action must diligently pursue his available state remedies to avoid application of the one-year limitation period. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004).

of judgment and sentence.[5]  Ariz. R. Crim. P. 32.1, 32.4(a).

Plaintiff's post-conviction proceedings are currently pending in the Maricopa County Superior Court.[6] If the trial court denies post-conviction relief, Plaintiff must properly seek review of that denial in the Arizona Court of Appeals to properly exhaust his federal claims. Thereafter, Plaintiff may seek federal habeas relief without seeking discretionary review in the Arizona Supreme Court. Swoopes, 196 F.3d 1008, 1010 (9th Cir. 1999); accord Castillo, 399 F.3d at 998 n.3.[7]

## CONCLUSION

Plaintiff seeks damages for violation of his constitutional rights in connection with his conviction. Success on Plaintiff's claims would necessarily undermine the validity of his conviction; therefore, he must first obtain a "favorable termination"of the underlying conviction before he may seek damages pursuant to 42 U.S.C. § 1983. Because Plaintiff has not done so, this action will be dismissed without prejudice

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc.# 12.)

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

---

[5] The Rule 32 of-right proceeding preserves the state constitution's guarantee of appellate review for pleading defendants and is the "functional equivalent" of a direct appeal. State v. Ward, 118 P.3d 1122, 1126 (Ariz. Ct. App. 2005) (Div. 1), rev. denied (Ariz. Apr. 20, 2006); State v. Cleere, 138 P.3d 1181, 1184 n.2 (Ariz. Ct. App. 2006) (Div. 2).

[6] See http://www.courtminutes.maricopa.gov/docs/Criminal/042008/m3119432.pdf.

[7] If a habeas petitioner chooses to seek discretionary review in the Arizona Supreme Court, however, he must await the conclusion of that review before he may seek federal habeas relief. See Swoopes, 196 F.3d at 1010; Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983) (habeas petition prematurely filed where proceedings concerning same claims pending in state court); Fordjour v. Stewart, 44 Fed. Appx. 789, 789-90 (9th Cir. 2002) (habeas action may be dismissed as unexhausted and premature when discretionary petition is pending before the Arizona Supreme Court because relief could be granted that would moot federal claims).

(3)     Plaintiff's Complaint and this action are **dismissed** without prejudice.

(4)     The Clerk of Court must enter judgment accordingly.

DATED this 14th day of April, 2008.

_____
Mary H. Murgia
United States District Judge